MANNEY v. PROUSE.

1. WATERS AND WATERCOURSES—NAVIGABLE WATERS—INLAND LAKES —RIPARIAN OWNER HAS RIGHT TO USE WHOLE SURFACE OF LAKE FOR BOATING AND FISHING.

   Where practically all of small, nonnavigable inland lake is on plaintiffs' land, but part of defendants' land lying north of plaintiffs' is submerged by waters of lake, so that defendants have access thereto without trespassing on other person's land, they are riparian owners and have right to use whole of surface of lake for boating and fishing.

2. SAME—FRAUD—INLAND LAKES—INJUNCTION.

   In suit to restrain defendants from going upon small inland lake for purpose of boating or fishing, plaintiffs' claim that, when they purchased land from defendants, latter fraudulently represented that all of lake was on land conveyed, and that plaintiffs relied thereon, held, not sustained by record.

Appeal from Leelanau; Gilbert (Parm C.), J. Submitted October 16, 1929. (Docket No. 118, Calendar No. 34,594.) Decided December 3, 1929.

Bill by Milton C. Manney and another against Albert Prouse and another to enjoin defendants from exercising certain riparian rights. From a decree dismissing bill of complaint, plaintiffs appeal. Affirmed.

*C. H. Thomas* and *C. L. Dayton,* for plaintiffs.

*Thos. D. Meggison,* for defendants.

NORTH, C. J. By this bill in equity the plaintiffs seek to establish and protect their ownership of a

On the general rule as to rights of boating and fishing in inland lakes, see annotation in 5 A. L. R. 1056.

small body of water in Leelanau county, commonly known as Prouse lake. They ask that the defendants and all persons claiming under them be enjoined from going upon this lake for the purposes of boating or fishing. The relief sought was denied, and the plaintiffs have appealed.

Prouse lake covers approximately ten acres of land. It is spring fed, and the outlet is a small nonnavigable stream, which through other watercourses eventually reaches Lake Michigan. Practically all of this lake or pond is located on and surrounded by land owned by the plaintiffs; but at the northerly side the shallow water extends beyond the northerly line of plaintiffs' 80 acres, and covers land belonging to the defendants. This portion of defendants' land covered by water is of irregular shape, being about three rods in width and substantially 15 rods long. The water here is shallow, and there is a growth of weeds and water plants; but there is a narrow strip of clear water running from a large spring on defendants' land out into the lake; and along this channel a boat can be floated out onto the main body of water. The plaintiffs have constructed a fence along their north line and through this portion of the lake, claiming it is necessary in order to keep their stock upon their property. Obviously, the primary purpose of this fence is to keep the defendants off the lake. The defendants, asserting their right to go upon the lake to boat and fish, have broken through the fence. Plaintiffs also seek by injunction to restrain this interference with the maintenance of their fence.

The plaintiffs purchased their farm of the defendants in March, 1919; and plaintiffs allege that incident to the negotiations resulting in this purchase, the defendant Albert Prouse repeatedly informed them that all of Prouse lake was on the land they

were purchasing. The allegation in the bill in part
is as follows:

"That there was no land other than the land they
were purchasing that touched any part of the lake.
It was explained to the said Albert Prouse that they
(the plaintiffs) were buying said lands, not pri-
marily for their value as farming lands, but because
of this small pond or lake on said land; and that if
they could not control the lake they did not want to
purchase said lands, etc."

Complaint is made that, notwithstanding the above
representations, the defendants now insist they have
a lawful right of access to this lake, and that they
and others permitted by them insist upon going
upon this lake and in fishing from boats in the sum-
mer and through the ice in the winter. The defend-
ants have thus fished and boated upon this lake dur-
ing the eight years that intervened between the pur-
chase by plaintiffs and the commencement of this
suit. There is a dispute in the evidence as to
whether this was done by permission from the plain-
tiffs or in the exercise by the defendants of a claim
of the right so to do.

The plaintiffs are not seeking to rescind their pur-
chase because of the alleged fraudulent representa-
tions above noted, nor do they seek money damages
in consequence thereof. Hence we are not concerned
with the right of plaintiffs to relief of that char-
acter. But plaintiffs do seek by injunction to take
away from the defendants certain rights which they
claim are appurtenant to their riparian ownership
of land contiguous to Prouse lake.

This court has held:

"Where there are several riparian owners to an
inland lake, such proprietors and their lessees and
licensees may use the surface of the whole lake for

boating and fishing, so far as they do not interfere
with the reasonable use of the waters by the other
riparian owners. *Beach* v. *Hayner*, 207 Mich. 93 (5
A. L. R. 1052) (quoting syllabus).

See, also, *Collins* v. *Gerhardt*, 237 Mich. 38.

The undisputed proof shows that the defendants
are riparian owners on Prouse lake and have access
thereto without committing trespass on any other
person's land. A part of defendants' land is sub-
merged by the waters of this lake. Clearly, under
the law of this State, these defendants have the right
to use the surface of the whole of Prouse lake for
boating and fishing, provided in so doing they do
not interfere with the reasonable use by other ripa-
rian owners. But plaintiffs claim that, because of
the alleged fraud perpetrated upon them by the de-
fendants incident to the purchase of the farm now
owned by plaintiffs, they should have injunctive re-
lief which would practically amount to specific per-
formance of such a contract as would have been con-
summated between these parties if the representa-
tion alleged to have been made by the defendants
had been true.

We are of the opinion that upon the facts in this
case the plaintiffs are not entitled to relief. The
bill of complaint as originally filed herein sought to
restrain the defendants from going upon any part
of the lake, particularly the portion belonging to the
plaintiffs. This relief was sought on the theory that
since plaintiffs owned the greater portion of the lake
they had the right to its entire control. Failing in
this, the theory of the bill was changed; but plain-
tiffs' present contention as to fraud is decidedly in
conflict with obvious physical facts. At the time
they purchased of defendants the dividing line be-
tween these properties was plainly indicated, and

was so located that a casual observer would note it passed through the water of the lake in the manner above indicated. That the defendants made a representation to the contrary to the plaintiffs and that the plaintiffs believed the same and relied thereon is highly improbable. For years before their purchase plaintiffs were familiar with these surroundings; and for years after their purchase they made no complaint. On the facts alone the decree should be against them.

The decree of the lower court is affirmed, with costs to the appellees.

FEAD, BUTZEL, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.