BURT *v.* MUNGER.

1. WATERS AND WATERCOURSES—PRIVATE LAKE—RIPARIAN OWNERS.
   Riparian proprietors own to the middle of a private lake.

2. SAME—INLAND LAKE—RIPARIAN OWNERS—RIGHT TO USE WHOLE OF SURFACE.
   Where there are several riparian owners to an inland lake, such proprietors and their lessees and licensees may use the surface of the whole lake for boating and fishing, so far as they do not interfere with the reasonable use of the waters by the other riparian owners.

3. SAME—DECLARATION OF RIGHTS—FILLING IN LAKE BOTTOM—RETAINING WALL—RIGHT TO USE WHOLE OF SURFACE.
   In suit for declaration of rights of riparian owners of lake seven-eights of a mile long and one-fourth of a mile wide without any inlet and an outlet only in wet seasons, erection of a retaining wall a few feet from the water's edge and filling in a portion of the lake bottom approximately 50′ x 150′, where water is shallow and at times stagnant, so as to raise surface above water level may not be done as defendant riparian owner is entitled to use entire surface of water for fishing and boating (3 Comp. Laws 1929, § 13903 *et seq.*).

4. SAME—DOCKS, WHARVES AND PIERS—INLAND LAKES.
   A riparian owner may construct a dock, wharf, or pier for purpose of facilitating his use and enjoyment of the waters of an inland lake.

5. SAME—INLAND LAKE—RETAINING WALL—FILLING IN SUBMERGED LAND.
   Erection of a retaining wall some distance from the shore and filling in intervening submerged land in an inland lake may not be done since it constitutes an invasion of the rights of other riparian owners.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted April 4, 1946. (Docket No. 44, Calendar No. 43,329.) Decided June 3, 1946.

Interference with a riparian owner's rights as to waters in a lake, see 4 Restatement, Torts, scope note, p. 339 et seq., §§ 850–855.

Bill by Wellington R. Burt and wife against Clem Munger for decree determining the right of plaintiffs to construct a cement wall, fill in between the wall and present shore and expel stagnant water from such space. Decree allowing plaintiffs to construct wall and denying them right to fill in low lands and expel water therefrom. Both parties appeal. Reversed in part and affirmed in part.

*Charles H. Burnham,* for plaintiffs.

*Allen & North,* for defendant.

CARR, J. This case involves the respective rights of the parties, as riparian owners, to the use of the waters of St. Marys Lake, Calhoun county, Michigan, and the land under such waters. For the purpose of clarifying the situation plaintiffs filed suit under the provisions of Act No. 36, Pub. Acts 1929 (3 Comp. Laws 1929, § 13903 *et seq.* [Stat. Ann. § 27.501 *et seq.*]), seeking a declaratory decree. Defendant filed his answer to the petition and the controversy was submitted to the trial court on an agreed statement of facts.

From said statement it appears that the lake in question is approximately seven-eighths of a mile in length and about one-fourth of a mile in width at its widest point. It has no inlet; but there is an outlet, dry most of the year, through which during wet seasons excess waters flow into ponds and upon low lands. Across this outlet is a dam which has been maintained at its present level for the past 60 years.

In 1936, plaintiffs became the owners of land on the north shore of the lake and beneath the waters extending along the shore for a distance of 1,095 feet. At the time of their purchase of the property

the water in the lake was lower than at the present time, being materially below the high-water level as maintained by the dam in wet seasons. Plaintiffs proceeded to improve their property, set out trees, and constructed a small artificial pond. In 1943, the waters of the lake rose to such a height that the dam in the outlet was overflowed, and low land bordering the lake was flooded. It is agreed that lands of the plaintiffs so flooded in 1943 constituted a portion of the original lake bottom. The matter is expressly covered in the stipulation filed, which contains the following clause:

"It is further agreed by plaintiffs and defendant that the question of the high-water level of said lake is not here at issue and that for the purposes of this action, it can be conceded that the present level of said lake is its true level and that the lands of plaintiffs presently covered with water are part of the original lake bed."

On plaintiffs' property for a distance of approximately 390 feet along the water's edge is a bank on which trees have been planted. The raising of the waters of the lake in 1943, and thereafter, has resulted in washing away the soil of the bank to such an extent that the destruction of said trees is threatened. Plaintiffs wish to construct a cement retaining wall on the lake bottom a few feet from the water's edge and fill in between the wall and the shore line for the purpose of protecting their property. They also wish to fill in a portion of the lake bottom, approximately 50 by 150 feet in size, on which the water is shallow and at times becomes stagnant. In their petition plaintiffs ask that a decree be entered granting them the right to make the desired improvements.

Defendant is also the owner of land on and beneath the lake and it is conceded that he has "full

riparian rights." It is claimed in his behalf that plaintiffs are not entitled to deprive him of the use of any portion of the surface of the water of the lake, as it now exists; that he has the rights of boating and fishing on the entire lake; and that the alterations plaintiffs desire to make, if carried out, will in fact deprive him of such rights.

The trial court, following a hearing, entered a decree granting to plaintiffs the right to build a wall on the lake bottom in front of their property, at a reasonable distance from the shore, "to protect their lands and property from destruction by erosion." Plaintiffs were, however, denied the right to fill in the submerged parcel referred to, containing approximately 7,500 square feet, it being the opinion of the trial court that plaintiffs were not entitled to deprive defendant of the right to use any part of the surface of the lake for boating and fishing. From such decree defendant has appealed, and plaintiffs have filed a cross-appeal. The questions presented for determination on the record are: (1) Whether plaintiffs are entitled to construct the desired wall on the lake bottom; and to fill in between said wall and the shore line, in order to protect their property; (2) Whether plaintiffs may, as against the asserted rights of the defendant, fill in the parcel above referred to, which, under the agreed statement of facts, is a part of the lake bottom, so as to raise the surface of such parcel above the water level.

It is conceded that all of the shore of the lake is privately owned by various proprietors; and that said lake is used principally for pleasure, boating and fishing. No question is involved as to public rights in the waters of the lake; nor is it disputed that under the law of Michigan the riparian proprietors own to the middle of the lake. *Bauman* v. *Barendregt*, 251 Mich. 67.

The respective rights of the parties to the case with reference to the use and enjoyment of the waters of the lake and the lake bottom, is the controlling issue. In *Beach* v. *Hayner,* 207 Mich. 93 (5 A. L. R. 1052), this court considered the rights of riparian owners in the waters of Silver Lake in Livingston county, such lake being practically identical in character with the lake involved in the case at bar. Plaintiff therein, a riparian owner, sought to enjoin the licensees of other riparian owners from entering on that portion of the lake covering lands that plaintiff claimed to own. The trial court dismissed the bill, saying:

"The court, however, is of the opinion that where there are several riparian proprietors of an inland lake, that all such proprietors and their lessees may use the surface of the whole lake for boating, fishing, and fowling purposes, if access is gained to the lake from their own or leased land; and that no one riparian proprietor can exclude another riparian proprietor from the exercise of these rights; and that neither can one riparian proprietor exclude the lessees of another riparian proprietor from the exercise of these rights."

Citing the Massachusetts case of *Inhabitants of West Roxbury* v. *Stoddard,* 7 Allen (89 Mass.), 158, and the dissenting opinion of Justice CAMPBELL in *Sterling* v. *Jackson,* 69 Mich. 488 (13 Am. St. Rep. 405), this court sustained the action of the trial court. Pointing out that no question of fowling upon the waters was presented in the case, it was said:

"We are of the opinion that the judge was right in holding that where there are several riparian owners to an inland lake, such proprietors and their lessees and licensees may use the surface of the whole lake for boating and fishing, so far as they do

not interfere with the reasonable use of the waters by the other riparian owners.''

This decision was followed in *Manney* v. *Prouse,* 248 Mich. 655, which case was cited in *Bauman* v. *Barendregt, supra,* in support of the statement ''Each riparian owner has the right to fish in any part of the lake.'' The general rule as laid down in *Beach* v. *Hayner, supra,* was again quoted with approval in *Swartz* v. *Sherston,* 299 Mich. 423.

The foregoing decisions clearly indicate the general rule recognized and applied in this State with reference to riparian proprietors on inland lakes of the character here involved. See, also, *Pere Marquette R. Co.* v. *Siegle,* 260 Mich. 89; *Greisinger* v. *Klinhardt,* 321 Mo. 186 (9 S. W. [2d] 978); *Mueller* v. *Klinhart* (Mo. App.), 167 S. W. (2d) 670. The conclusion follows that defendant has the right to the use of the entire surface of the waters in St. Marys Lake for boating and fishing purposes. If plaintiffs are permitted to construct their proposed wall on the bed of the lake and fill in between such wall and the shore line such action will necessarily constitute an interference with defendant's rights of boating and fishing on the entire surface of the lake in its natural condition. The size of the lake will be diminished to the extent of the lake bottom occupied by the wall and the fill. Plaintiffs' shore property will, of course, be increased in like measure. The same situation obtains with reference to the section of the lake bottom that plaintiffs desire to raise above the water level. The result of such action would be to increase the extent of plaintiffs' land on the shore, at the expense of the lake and defendant's rights therein. The desire of plaintiffs to protect and improve their property is quite natural, but they are not entitled to accomplish such purpose by means

constituting an invasion of the rights of the defendant.

In reaching the conclusion indicated we are not unmindful of the general rule that a riparian proprietor may construct a dock, wharf, or pier for the purpose of facilitating his use and enjoyment of the waters of the lake. *Blain* v. *Craigie,* 294 Mich. 545. In the case at bar, however, such is not the purpose of either the proposed wall or the filling in of the submerged land. The object sought to be accomplished thereby is, as above pointed out, the protection of the shore property of the plaintiffs. Quite possibly such result may be accomplished, so far as the bank and the trees thereon are concerned, by the erection of a wall on the shore at the edge of the lake. *Barnes* v. *Marshall,* 68 Cal. 569 (10 Pac. 115). Plaintiffs are not entitled to obtain such protection, however, by acts constituting an invasion of the rights of the defendant in and to the waters of the lake.

The decree of the trial court, in so far as it undertakes to grant to plaintiffs the right to construct their proposed wall on the lake bottom and to fill in between such wall and the shore line, is vacated. That portion of the decree denying the right to fill in the section of lake bottom referred to therein is affirmed. A decree will enter in this court in accordance with the conclusions indicated, with costs to defendant.

BUTZEL, C. J., and SHARPE, BOYLES, REID, and STARR, JJ., concurred. NORTH, J., did not sit. BUSHNELL, J., took no part in the decision of this case.