BAUERLE v CHARLEVOIX COUNTY BOARD OF ROAD
COMMISSIONERS

1. Navigable Waters—Inland Lake—Riparian Owners—Boating—
Fishing.

   On an inland lake where there are several riparian owners, such
   proprietors and their lessees and licensees may use the surface
   of the whole lake for boating and fishing, so far as they do not
   interfere with the reasonable use of the waters by the other
   riparian owners.

2. Navigable   Waters—Ponds—Trespass—Riparian   Rights—In-
   junction—Board of Road Commissioners.

   Board of County Road Commissioners was ordered to remove road
   fill, stumps, and other debris placed by it in a pond located on
   the lands of plaintiffs and others and to immediately restore
   said lands and pond to the condition existing prior to the
   extension of a road over that pond and was permanently
   enjoined from interfering with plaintiffs' quiet enjoyment of
   their riparian rights in the waters of the pond where the Board
   committed a trespass by the fill made in the pond, impairing
   plaintiffs' riparian rights.

3. Navigable Waters—Ponds—Damages—Trespass.

   Case is remanded to the trial judge for the assessment of plain-
   tiffs' damages resulting from the wrongful actions of defendant
   Board of County Road Commissioners in placing fill, stumps,
   and other debris in and upon a pond located on the lands of
   plaintiffs and others, said damages to be assessed for the period
   of trespass.

Appeal from Court of Appeals, Division 3, Hol-
brook, P. J., and Bronson and O'Hara, JJ., affirm-
ing Charlevoix, Charles L. Brown, J. Submitted
September 6, 1972. (No. 9 September Term 1972,

References for Points in Headnotes
[1] 56 Am Jur, Waters § 273 et seq.
[2, 3] 56 Am Jur, Waters § 251.

Docket No. 53,632.) Decided September 13, 1972. Opinion filed October 31, 1972.

34 Mich App 475 reversed.

Complaint by William Bauerle and Lorraine Bauerle against the Charlevoix County Board of Road Commissioners to quiet title and a mandatory injunction requiring defendant to remove road fill from a pond, refrain from further trespass, and damages. Joseph Hoffman and Ruth Hoffman added as parties defendant. Hoffmans dismissed as defendants upon stipulation. Judgment for plaintiffs ordering defendant to remove the fill or to construct a culvert for movement of water and boats between the two halves of the pond. Plaintiffs appealed to the Court of Appeals. Affirmed. Plaintiffs appeal. Defendant Board of Road Commissioners ordered to remove road fill, stumps, and other debris, restore lands and pond to prior condition, and be permanently enjoined from interfering with plaintiffs' quiet enjoyment of their riparian rights. Case remanded for assessment of plaintiffs' damages.

*Seberon Litzenburger,* for plaintiffs.

*Guy C. Conkle, Jr.,* for defendant Charlevoix County Board of Road Commissioners.

ADAMS, J. Plaintiffs are the land contract purchasers of 40 acres of land upon which there is situated a portion of a small, spring-fed pond having a total area of 3 to 4 acres. The prior codefendants, Mr. and Mrs. Hoffman, are the owners of property immediately to the north of plaintiffs. A portion of the pond is located upon their property.

Before 1967, Reycraft Road stopped at the western edge of the pond. It was a two-rut dirt road running east and west and was bounded on both sides by woods. Prior to 1935, people got to Walloon Lake, just beyond and to the east of the pond, by Reycraft Road and by walking across the pond in winter or by walking or taking a wagon road around the southern and eastern portions of the pond, with the owners' permission. For at least 35 years the southern route has been fenced off.

In 1935, Reycraft Road was incorporated into the county road system by the Board of County Road Commissioners. The resolution of incorporation described the road as extending to the east beyond the pond. Defendant Board of County Road Commissioners maintained that Reycraft Road extended to Walloon Lake either by the southern route or across the pond.

In the fall of 1966, it became apparent to plaintiff William Bauerle that the Road Commission might be intending to extend Reycraft Road across the pond. He made a trip to see Mr. Fitzgerald, the engineer for the Commission, and subsequently wrote him a letter confirming their conversation concerning the Commission's intentions in this regard, requesting that the Commission not make the fill.

However, stumps, fill and debris were dumped into and pushed across the pond during the Bauerles' absence sometime in the spring of 1967. The result was an extension of Reycraft Road over the pond and to the shore of Walloon Lake.[1]

Prior to this road extension, swans occupied the

[1] Defendant's Exhibit A, p 528, depicts the situation. Walloon Lake lies to the east, Zenith Heights Road to the west, plaintiffs' property is to the right or south of the causeway, the Hoffmans' property is on and to the north of the causeway. The pond is approximately the area shown as water.

pond and pike used the fresh spring-fed waters as a spawning bed.[2] After the fill, the pond became stagnant and the swans and fish left.[3] The surrounding land became littered from the public use of the area.

On October 10, 1967, plaintiffs filed a complaint against defendant Board, contending that neither defendant nor its predecessors had any title to the lands between the end of Reycraft Road and the shore of Walloon Lake, including the submerged lands in plaintiffs' pond, and that defendant's claim of title constituted a cloud on plaintiffs' title, diminishing its value and preventing plaintiffs from enjoying their riparian rights in the pond. By an amended bill of complaint, plaintiffs asked for a mandatory injunction requiring defendant to remove the fill and refrain from further trespass.

On November 6, 1968, Mr. and Mrs. Hoffman were added as defendants. Trial was before Judge Charles L. Brown. The Hoffmans were dismissed as defendants upon stipulation that they would allow people to enter upon their property to remove the fill should plaintiffs be successful.

Judge Brown ruled that defendant had failed to prove that Reycraft Road ever extended to Walloon Lake; the public use of plaintiffs' property to get to Walloon Lake had been a permissive use only; and the county's description of the road as longer than it really was did not establish the extension as a matter of law. The court concluded that the action of defendant was a taking without due process and without compensation. Sixty days were allowed the parties to work out an amicable settlement.

The parties could not agree. The court issued a

---

[2] See Plaintiffs' Exhibit 5, p 529.

[3] See Plaintiffs' Exhibit 6, p 530.

supplemental opinion in which it found that plaintiffs owned the southern portion of the pond, that the pond was navigable, and that plaintiffs possessed riparian rights in it. The court ordered defendant to remove the fill or to construct a large culvert for movement of water and of boats between the two halves of the pond. Defendant was directed to maintain the area so that the pond could return to its fresh water condition.

Plaintiffs appealed to the Court of Appeals. It adopted the two opinions of the circuit court. (34 Mich App 475.) Plaintiffs' application for a rehearing was denied August 3, 1971. On appeal to this Court, we remanded the case to the circuit court for a factual finding as to whether the Board's action constituted a taking in contravention of the Constitution of 1963, art 10, § 2, and if such a taking had occurred, the circuit court was directed to delete from its judgment the alternative relief concerning a culvert. (386 Mich 764.)

Upon remand, the circuit court filed a second supplemental decision (December 6, 1971), finding that there was not a "taking" since none of the fill was deposited on plaintiffs' lands nor were trees removed from plaintiffs' lands. The trial court reasoned:

"In the opinion of this Court it logically follows that the Hoffmans, having consented to, or at least not having objected to, the erection of a causeway or road across the pond on their lands (and not on any lands of the Plaintiffs, owners of the lands south of the center-line between Plaintiffs and Hoffmans) and having agreed to abide by whatever decision the trial court rendered and specifically stipulating, on the record in open Court, that if the trial Court decided the Causeway, or 'fill' should be removed, permission was granted either the Road Commission or Plaintiffs to go upon

their (Hoffmans') lands and remove same without any claims for damages on their part, that no condemnation proceedings should be required insofar as the Hoffmans are concerned and therefore insofar as the instant case of the Plaintiffs is concerned there is no legal requirement or necessity for condemnation proceedings, and this Court specifically so finds."

Leave to appeal was granted by this Court. (387 Mich 759.)

The last decision of the trial judge is based upon an erroneous supposition that the Hoffmans, so long as they remained upon their portion of the pond, were free to destroy or impair the riparian rights of plaintiffs, which rights existed not only as to the portion of the pond on plaintiffs' property but as to the entire body of water.

In *Beach v Hayner*, 207 Mich 93 (1919), the question of respective rights of several riparian owners was considered. This Court held (p 98):

"[B]ut we are of the opinion that the judge was right in holding that where there are several riparian owners to an inland lake, such proprietors and their lessees and licensees may use the surface of the whole lake for boating and fishing, so far as they do not interfere with the reasonable use of the waters by the other riparian owners."

The above case was followed in *Manney v Prouse*, 248 Mich 655 (1929), *Bauman v Barendregt*, 251 Mich 67 (1930), and *Swartz v Sherston*, 299 Mich 423 (1941).

The question again arose in the case of *Burt v Munger*, 314 Mich 659 (1946). In that case plaintiffs proposed to construct a wall on the bed of a lake and to fill in between the wall and the shore. They filed a bill for a decree to determine their rights. Justice CARR, for a unanimous Court, after

citing the above cited cases, wrote as follows (p 664):

"The foregoing decisions clearly indicate the general rule recognized and applied in this State with reference to riparian proprietors on inland lakes of the character here involved. See, also, *Pere Marquette R. Co. v. Siegle,* 260 Mich. 89 [1932]; *Greisinger v. Klinhardt,* 321 Mo. 186 (9 S.W. [2d] 978 [1928]); *Mueller v. Klinhart* (Mo. App.), 167 S.W. (2d) 670 [1943]. The conclusion follows that defendant has the right to the use of the entire surface of the waters in St. Marys Lake for boating and fishing purposes. If plaintiffs are permitted to construct their proposed wall on the bed of the lake and fill in between such wall and the shore line such action will necessarily constitute an interference with defendant's rights of boating and fishing on the entire surface of the lake in its natural condition. The size of the lake will be diminished to the extent of the lake bottom occupied by the wall and the fill. Plaintiffs' shore property will, of course, be increased in like measure. The same situation obtains with reference to the section of the lake bottom that plaintiffs desire to raise above the water level. The result of such action would be to increase the extent of plaintiffs' land on the shore, at the expense of the lake and defendant's rights therein. The desire of plaintiffs to protect and improve their property is quite natural, but they are not entitled to accomplish such purpose by means constituting an invasion of the rights of the defendant."

The trespass by defendant Road Commission, which was committed in this case, occurred in the spring of 1967. The riparian rights of plaintiffs in the pond have been impaired for the last six years. In order that those rights might be restored as quickly as possible, we entered the following order in this case on September 13, 1972:

"It is ordered that defendant Board of County Road Commissioners for the County of Charlevoix shall begin forthwith (this week) removing the road fill, stumps,

and other debris placed by it in the pond located on the lands of plaintiffs and of defendants, Joseph Hoffman and Ruth Hoffman, in Bay Township, Charlevoix County, Michigan, and that said Board shall immediately restore said lands and pond to the condition existing prior to the extension of Reycraft Road over said pond to the shore of Walloon Lake.

"It is further ordered that defendant Board of County Road Commissioners for the County of Charlevoix be and it hereby is permanently enjoined from interfering with plaintiffs' quiet enjoyment of their riparian rights in the waters of said pond.

"It is further ordered that this case be remanded to the trial judge for the assessment of plaintiffs' damages resulting from the wrongful actions of defendant in placing said fill, stumps, and other debris in and upon said pond, said damages to be assessed for the period of trespass commencing in the spring of 1967.

"Costs to plaintiffs and appellants.

"Opinion or opinions of this Court will be entered following the entry of this order."

The case is remanded to the trial court for final adjudication of the rights of plaintiffs as determined in the above quoted order and in this opinion. Costs to plaintiffs and appellants in all courts.

T. M. KAVANAGH, C. J., and BLACK, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred with ADAMS, J.

## Defendant's Exhibit A

PLAINTIFFS' EXHIBIT 5

PLAINTIFFS' EXHIBIT 6