417 So.2d 911 (1982)
J.T. BLACK
v.
Katharine S. WILLIAMS.
No. 53296.
Supreme Court of Mississippi.
July 21, 1982.
Arnold F. Gwin, Lott, Sanders, Gwin & Fonda, Greenwood, for appellant.
William E. Suddath, Jr., Watkins & Eager, Jackson, for appellee.
Before SUGG, P.J., and BROOM and HAWKINS, JJ.
HAWKINS, Justice, for the Court:
J.T. Black appeals from a final decree of the Chancery Court of the First Judicial District of Carroll County enjoining him from using that portion of a drainage district lake over realty belonging to Mrs. Katharine S. Williams. We affirm.
In 1965, pursuant to an easement authorizing it to do so, the Big Sand Drainage District erected a flood retarding dam, which subsequently formed a lake of 125.3 acres. Mrs. Elizabeth G. Saunders, the mother and predecessor in title of Mrs. Williams, owned 110.9 acres of the land beneath the lake. Mr. Black acquired title to property adjoining Mrs. Williams, 14.4 acres of which formed a portion of the lake bed in the Northwest part. There was nothing in the easement granted the drainage district by the landowners which altered or restricted any of their rights of ownership except in controlling the flow of water.
Over the objections of Mrs. Williams, Mr. Black claimed the right to use that portion of the lake over the land of Mrs. Williams. The boundary between the two areas had been marked by posts.
In a suit to remove the cloud thus constituted on her title and enjoin Mr. Black from using the portion of the lake over her land, the chancery court cancelled all claim of Mr. Black thereto and permanently enjoined him from entering on the part of the lake over the land of Mrs. Williams.
We are not confronted in this case with the rights of users of public waterways, as defined by Miss. Code Ann. § 51-1-4 (Supp. 1981), or referred to in Downes v. Crosby Chemicals, Inc., 234 So.2d 916 (Miss. 1970), a case decided by this Court before the enactment of this statute.
*912 Also, an examination of State Game and Fish Commission v. Louis Fritz Co., 187 Miss. 539, 193 So. 9 (1940), reveals it has minimal application to the question presented here. That case involved the right of the State, acting under a statute, to remove undesirable fish and turtles from South Horn Lake, a natural lake connected to the Mississippi River by a pass or outlet, which outlet was twenty to forty feet wide, four to ten feet deep, navigable in all seasons by rowboats, and through which fish migrated.
The sole question before us on this appeal is the right, if any, of Mr. Black to go upon this constructed lake beyond the boundaries of the land owned by him. We address only the rights of owners of land beneath "artificial" or "man-made" lakes.
This precise question has never been presented to this Court. In other jurisdictions, however, the majority rule is that owners of the fee in the land beneath such a lake, in the absence of some statute or covenant or agreement to the contrary, have exclusive control over the water over their respective portions. We adopt the majority rule existing in other states, and hold Mr. Black has no right to travel or make any entry on this lake beyond the boundaries of his own land. The chancellor so found in a well reasoned opinion, and we affirm. See Wickouski v. Swift, 203 Va. 467, 124 S.E.2d 892 (1962); Baker v. Normanoch Ass'n., Inc., 25 N.J. 407, 136 A.2d 645 (1957).
AFFIRMED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, BOWLING and DAN M. LEE, JJ., concur.
ROY NOBLE LEE and PRATHER, JJ., take no part.