DIANA BEACHAM *et al.*, Appellees, v. LAKE ZURICH PROPERTY OWNERS ASSOCIATION, Appellant.

*Opinion filed June 20, 1988.*

Frank G. Roux, Ltd., of Lake Zurich, for appellant.

Hall, Holmberg, Roach, Johnston, Fisher & Lessman, of Waukegan (Robert E. Lessman, of counsel), for appellees.

JUSTICE MILLER delivered the opinion of the court:

The plaintiffs, Diana Beacham and Sandy Point Beach, Inc., brought an action in the circuit court of Lake County seeking a declaration that, as an owner of a part of the lake bed of Lake Zurich, Beacham and her licensees were entitled to the reasonable use of the entire lake, including the waters overlying those parts of the lake bed owned by members of the defendant, the Lake Zurich Property Owners Association (Property

Owners Association or Association). The trial judge dismissed the plaintiffs' complaint, ruling that the Property Owners Association could exclude Beacham and her licensees from that part of the lake overlying the lake bed controlled by the Association. The appellate court ordered the plaintiffs' complaint reinstated, holding that ownership of a part of the bed of a private, nonnavigable lake entitles such owners and their licensees to the reasonable use and enjoyment of the surface waters of the entire lake provided they do not unduly interfere with the reasonable use of the waters by other owners and their licensees. (159 Ill. App. 3d 204.) We allowed the defendant's petition for leave to appeal (see 107 Ill. 2d R. 315(a)), and we now affirm the judgment of the appellate court.

The subject of this dispute, Lake Zurich, is a private, nonnavigable body of water covering about 240 acres in Lake County. Plaintiff Diana Beacham owns about 15% to 20% of the lake bed of Lake Zurich, and she operates a business, Sandy Point Beach, Inc., that rents boats to the public for recreational use on the lake. Defendant Property Owners Association is an organization composed of a number of lake bed owners who executed license agreements granting the Association permission to use and regulate their lake bed properties. The Property Owners Association controls the greater part of the lake bed, and it has attempted to assert exclusive possession of the overlying waters by instituting a quota and permit system for various types of boats. The Association enforces its access controls by issuing written warnings to violators and by seeking to have persistent violators arrested and prosecuted for trespassing. Beacham and her licensees have received warnings from the Property Owners Association, and Beacham herself has been unsuccessfully prosecuted for criminal trespass.

This appeal grows out of an action brought by Beacham and Sandy Point for declaratory and injunctive relief with respect to her use of Lake Zurich. In count I, the plaintiffs sought a declaration that incident to Beacham's ownership of a part of the lake bed was the right to make reasonable use of the entire lake surface. In count II, the plaintiffs sought to enjoin various attempts by the Property Owners Association to exclude Beacham and her licensees from the lake surface overlying that part of the lake bed controlled by the Association. The Property Owners Association moved for dismissal of the complaint, and the trial judge granted the motion. The trial judge believed that ownership of a part of a private, nonnavigable lake bed entitles the owner to exclude all others from the surface of the lake above his or her property.

The plaintiffs appealed the dismissal of their complaint, and the appellate court reversed. The court held that ownership of a part of a private, nonnavigable lake bed entitles the owner and the owner's licensees to the reasonable use of the surface waters of the entire lake provided they do not interfere with the reasonable use of the waters by other owners and their licensees. Noting that the case presented a question of first impression in Illinois, the appellate court turned to decisions from other States for guidance. A review of the relevant authority disclosed the existence of two conflicting views on the subject: a so-called common law rule supporting the position of the Property Owners Association, and a so-called civil law rule supporting the position of the plaintiffs. The appellate court concluded that the better-reasoned rule was the civil law approach, which provides that ownership of a part of the bed of a private, nonnavigable lake entitles the owner and the owner's licensees to the reasonable use and enjoyment of the entire lake surface provided they do not interfere with the

reasonable use of the water by other owners and their licensees.

The Property Owners Association argues here that the appellate court's adoption of the civil law rule is inconsistent with this court's decision in *Leonard v. Pearce* (1932), 348 Ill. 518. *Leonard* involved Lake Zurich, and the Property Owners Association construes the case as holding that the owners of a part of the lake bed could exclude all others from the waters overlying that property.

We agree with the appellate court that *Leonard* does not control the decision here. In *Leonard* the court determined only whether Lake Zurich was navigable and whether members of the general public were entitled to use the lake through either dedication to public use or prescriptive right. The court held that the lake was non-navigable and therefore private and that the public did not have either a dedicated or prescriptive right to use the lake. The court concluded, "A development of obnoxious conditions caused the owners of the lake to terminate the free and unrestricted use of its waters which the public had formerly enjoyed. This action simply amounted to a cancellation of the permissive right previously extended." (*Leonard*, 348 Ill. at 528.) Thus, the dispute in *Leonard* was between owners of the lake and those who were unable to claim any ownership interest in the lake. The dispute here flows from different circumstances; it involves the respective rights of the lake bed owners among themselves.

This court has not previously determined the respective rights of lake bed owners in the use and enjoyment of the lake, and, as the appellate court did, we therefore turn to a consideration of the decisions of other States on this issue. Under the common law rule, the owner of a part of a lake bed has the right to the exclusive use and control of the waters above that property. This rule

is a corollary of the traditional common law view that the ownership of a parcel of land entitles the owner to the exclusive use and enjoyment of anything above or below the property. (See *Smoulter v. Boyd* (1904), 209 Pa. 146, 58 A. 144.) Courts following the common law principle have held that the owner of a part of a lake bed may exclude from the surface of the overlying water all other persons, including those who own other parts of the lake bed. (See *Medlock v. Galbreath* (1945), 208 Ark. 681, 187 S.W.2d 545; *Lanier v. Ocean Pond Fishing Club, Inc.* (1984), 253 Ga. 549, 322 S.E.2d 494; *Sanders v. De Rose* (1934), 207 Ind. 90, 191 N.E. 331; *Baker v. Normanoch Association, Inc.* (1957), 25 N.J. 407, 136 A.2d 645; *Commonwealth Water Co. v. Brunner* (1916), 175 A.D. 153, 161 N.Y.S. 794; *Smoulter v. Boyd* (1904), 209 Pa. 146, 58 A. 144; *Taylor Fishing Club v. Hammett* (Tex. Civ. App. 1935), 88 S.W.2d 127; *Wickouski v. Swift* (1962), 203 Va. 467, 124 S.E.2d 892.) As the appellate court noted, however, in certain of those decisions the interest of the party challenging the restriction was quite small in comparison with the interest of the majority owner. See *Baker*, 25 N.J. 407, 136 A.2d 645; *Smoulter*, 209 Pa. 146, 58 A. 144; *Wickouski*, 203 Va. 467, 124 S.E.2d 892.

In those States in which the civil law rule prevails, the owner of a part of a lake bed has a right to the reasonable use and enjoyment of the entire lake surface. (See *Duval v. Thomas* (Fla. 1959), 114 So. 2d 791; *Beach v. Hayner* (1919), 207 Mich. 93, 173 N.W. 487; *Johnson v. Seifert* (1960), 257 Minn. 159, 100 N.W.2d 689; *Snively v. Jaber* (1956), 48 Wash. 2d 815, 296 P.2d 1015.) Those courts rejecting the common law rule have noted the difficulties presented by attempts to establish and obey definite property lines (*Beach*, 207 Mich. at 95-96, 173 N.W. at 488; *Snively*, 48 Wash. 2d at 821-22, 296 P.2d at 1019) and certain other impractical consequences

of that rule, such as the erection of booms, fences, or barriers (*Duval*, 114 So. 2d at 795). Moreover, application of the civil law approach promotes rather than hinders the recreational use and enjoyment of lakes. (*Duval*, 114 So. 2d at 795; *Johnson*, 257 Minn. at 166-67, 100 N.W.2d at 695.) We conclude that the arguments supporting the civil law rule warrant its adoption in Illinois. Restricting the use of a lake to the water overlying the owner's lake bed property can only frustrate the cooperative and mutually beneficial use of that important resource.

We, therefore, affirm the appellate court's holding that where there are multiple owners of the bed of a private, nonnavigable lake, such owners and their licensees have the right to the reasonable use and enjoyment of the surface waters of the entire lake provided they do not unduly interfere with the reasonable use of the waters by other owners and their licensees.

The question remains, however, whether the plaintiffs' use of the lake, including the renting of boats to members of the general public, is a reasonable one that does not unduly interfere with the reasonable use of the lake by other owners and their licensees. (See Comment, *Public Recreation on Nonnavigable Lakes and the Doctrine of Reasonable Use*, 55 Iowa L. Rev. 1064 (1970); see also Maloney & Plager, *Florida's Lakes: Problems in a Water Paradise*, 13 U. Fla. L. Rev. 1, 69-70 (1960) (discussing public use).) Because that question is not before us and remains for consideration by the trial court in the first instance, we express no view on it now.

For the reasons stated, the judgment of the appellate court is affirmed, and the cause is remanded to the circuit court of Lake County for further proceedings not inconsistent with this opinion.

*Affirmed and remanded.*