LUTHER STATLER *et al.*, Plaintiffs-Appellees, v. DOROTHY CATALANO, Defendant-Appellant.

Fifth District    No. 5—96—0630

Opinion filed December 29, 1997.

484

M. Joseph Hill, of Edwardsville, for appellant.

G. Edward Moorman, of Alton, for appellees.

JUSTICE KUEHN delivered the opinion of the court:

Plaintiffs, Luther and Charleen Statler, and defendant, Dorothy Catalano, own adjacent tracts of land in Madison County. There is a private nonnavigable lake situated transversely on the property line

between these parcels. This case marks an ongoing effort to define the parties' rights regarding the lake's surface waters, an issue which appears before us for the second time.

Plaintiffs purchased their eight-acre tract from Carl and Dorothy Miller in 1972. This tract included a portion of the lake bed. Plaintiffs used the entire lake for swimming, boating, and fishing. Soon thereafter, the Millers constructed a fence that extended approximately six feet into the lake in order to keep their cattle from entering plaintiffs' property.

In 1975, the Millers sold 72 acres, including the remainder of the lake bed, to defendant. The land was vacant until 1977, when defendant's son, William Catalano, Jr., moved onto the property. He then purchased some cattle from the Millers. In 1979, when William encountered problems keeping the cattle on defendant's property, he installed a fence extending across the lake. This fence created a dispute as to the plaintiffs' rights regarding the lake's surface waters, which reached the Madison County circuit court.

In 1986, the circuit court determined that, under the prevailing case law, plaintiffs only had a property right to that portion of the lake that was above their land and that they did not have a right to use the entire lake. On March 22, 1988, we affirmed the circuit court's judgment. *Statler v. Catalano*, 167 Ill. App. 3d 397, 411, 521 N.E.2d 565, 575 (1988).

On September 15, 1993, plaintiffs filed a complaint in the Madison County circuit court, seeking a declaration of their right to use the entire lake. Plaintiffs subsequently amended the action to include a request for injunctive relief prohibiting defendant from interfering with their use of the entire lake. Defendant moved to dismiss this complaint under the doctrine of *res judicata*. On July 26, 1994, the trial court denied defendant's dismissal motion, finding that a change in law, specifically the supreme court's decision in *Beacham v. Lake Zurich Property Owners Ass'n*, 123 Ill. 2d 227, 526 N.E.2d 154 (1988), rendered *res judicata* inapplicable to this case. On July 18, 1996, the trial court entered a permanent injunction prohibiting defendant from interfering with plaintiffs' reasonable use of the entire lake and ordering defendant to remove the fence extending across the lake. Defendant now appeals from the trial court ruling on her motion to dismiss and from the entry of the permanent injunction.

■ Defendant initially contends that the trial court erred in failing to dismiss plaintiffs' complaint. She points to our 1988 opinion and again argues that *res judicata* barred plaintiffs' action. This contention presents a question of law rather than an issue of fact. *DeLuna v. Treister*, 286 Ill. App. 3d 25, 29, 676 N.E.2d 973, 976 (1996),

*appeal allowed*, 174 Ill. 2d 558 (1997). "Disputed questions of law are reviewed *de novo." Davis v. Temple*, 284 Ill. App. 3d 983, 989, 673 N.E.2d 737, 741 (1996). Therefore, "we may substitute our determination for that of the trial court if we find such determination to be erroneous." *People ex rel. Garnati v. $14,000 United States Currency*, 227 Ill. App. 3d 64, 66, 590 N.E.2d 1022, 1023 (1992). We agree with the trial court's judgment that *res judicata* does not apply to this case.

Plaintiffs argue that the trial court correctly found that an intervening change in law renders *res judicata* inapplicable to this case. Defendant urges that plaintiffs' argument is unsupported by Illinois law. Because this court has not yet addressed such circumstances, we are now faced with an issue of first impression: Does a change in the law resulting from judicial decision or statute subsequent to a case's adjudication eradicate the controlling effect of that case's judgment on subsequent related litigation? We hold that it does.

Our decision is guided by a case involving a strikingly similar argument, *City of Des Plaines v. Metropolitan Sanitary District of Greater Chicago*, 16 Ill. App. 3d 23, 305 N.E.2d 639 (1973), *rev'd on other grounds*, 59 Ill. 2d 29, 319 N.E.2d 9 (1974). In *City of Des Plaines*, a municipality sought to enforce certain zoning restrictions in 1966 against a sanitary district. The case eventually reached our supreme court, which held that the sanitary district was not subject to the municipality's zoning ordinance.

In 1972, the municipality filed a similar complaint in the circuit court, seeking a declaratory judgment that the municipality may regulate the sanitary district's land use activities pursuant to the 1970 Illinois Constitution. The district moved to dismiss the action based upon *res judicata*. The municipality argued that *res judicata* was inapplicable because the prior action involved the municipality's statutory powers, while the later action was founded on the home rule provisions of article VII of the 1970 Illinois Constitution, thereby establishing a new legal relationship between the parties. The circuit court dismissed the action.

On appeal, the first district reversed the circuit court and held that *res judicata* was inapplicable, stating, "The legal relationship of the parties, the issues advanced, and the questions of law which must be decided have been significantly altered by the present Illinois Constitution." *City of Des Plaines*, 16 Ill. App. 3d at 28, 305 N.E.2d at 643. The First District Appellate Court reasoned:

"The doctrine of res judicata is of judicial origin and has been characterized as a rule of convenience designed to prevent repeti-

tious law suits over matters which have once been decided and which have remained substantially static, factually and legally, but which must give way where there has been a change in the fundamental controlling legal principles. [Citation.] Similarly, the rule prevails in Illinois that res judicata extends only to the facts and conditions as they were at the time a judgment was rendered, and to the legal rights and relations of the parties as fixed by the facts so determined; and when new facts or conditions intervene before the second action, establishing a new basis for the claims and defenses of the parties respectfully, the issues are no longer the same, and hence the former judgment cannot be pleaded as a bar in the subsequent action. [Citations.] Even though the basic facts have not changed, it is generally accepted that res judicata does not operate as an automatic bar where between the time of the first judgment and the second there has been an intervening decision or a change in the law creating an altered situation." *City of Des Plaines*, 16 Ill. App. 3d at 24-25, 305 N.E.2d at 641.

We believe that this logic is sound and applicable to the instant case.

We recognize that the supreme court overturned the first district's decision in *City of Des Plaines*. However, we do not view that reversal as a contradiction of the first district's conclusions regarding the effect of an intervening change in the law on the doctrine of *res judicata*. Rather, the supreme court merely disagreed with the existence of such a change in the law under the circumstances of that case. As defendant concedes in her brief, the supreme court language in *City of Des Plaines* grounds the reversal on the fact that there was no actual change in the law—only a change in the source of the municipality's power to enact such a law:

"It is apparent that the cause of action, the issues, the parties and the relief sought in this action are identical to those in the earlier case. It is equally apparent that the fact that plaintiff's power to enact a zoning ordinance now stems from section 6 of article VII of the Constitution of 1970 and not from a grant of authority by the General Assembly is irrelevant. While it is true that the dissenting opinion filed in the earlier case [citation] states that the contending municipal corporations 'are equal in status,' the rationale of neither the majority nor dissenting opinion is dependent upon that fact." *City of Des Plaines*, 59 Ill. 2d at 31-32, 319 N.E.2d at 11.

We further note that Justice Ryan's dissent recognized the first district's reasoning concerning the effect of an intervening change in the law on the doctrine of *res judicata*. *City of Des Plaines*, 59 Ill. 2d at 33, 319 N.E.2d at 12 (Ryan, J., dissenting). The fact that the majority failed to do the same does not constitute a quarrel with this logic

because its decision did not necessitate that analysis. Therefore, we adopt the first district's view and hold that a change in the law resulting from a judicial decision rendered or a statute enacted subsequent to the adjudication of a case eliminates the controlling effect of that case's judgment on subsequent litigation.

■ Defendant nonetheless contends that even if an intervening change in the law may eliminate *res judicata*'s controlling effect, the doctrine still applies to this case. She argues that because *Beacham* is distinguishable from the present circumstances, there is no intervening change in the law applicable to this case. We disagree.

Our supreme court's holding in *Beacham* is clear:

> "We, therefore, affirm the appellate court's holding that where there are multiple owners of the bed of a private, nonnavigable lake, such owners and their licensees have the right to the reasonable use and enjoyment of the surface waters of the entire lake provided they do not unduly interfere with the reasonable use of the waters by other owners and their licensees." *Beacham*, 123 Ill. 2d at 232, 526 N.E.2d at 157.

Defendant's attempts to factually distinguish this case from *Beacham* are unpersuasive. It is undisputed that the case before us involves multiple owners of the bed of a private, nonnavigable lake. Likewise, defendant's effort to create a distinction limiting the supreme court's holding to natural lakes only, not artificial lakes, is without merit. Such a distinction cannot be gleaned from that opinion.

We recognize that the First District Appellate Court rendered its decision prior to our initial March 22, 1988, decision. Our refusal to follow suit at that time is of no consequence, as we were not bound by that decision. See *State Farm Fire & Casualty Co. v. Yapejian*, 152 Ill. 2d 533, 539, 605 N.E.2d 539, 542 (1992). We became bound by the first district's holding when the supreme court affirmed it and created an intervening change in the law. Therefore, the doctrine of *res judicata* is inapplicable to this case.

■ Finally, defendant contends that the trial court erred in permanently enjoining her from maintaining a fence extending across the lake and ordering her to remove it. She urges that, considering the propensity of the cattle to wander off her property through the lake, the fence was a "reasonable use" of the lake as contemplated in *Beacham*. We cannot agree.

We have addressed the standard of review applicable to permanent injunctions:

> "In order for the issuance of a permanent injunction to be upheld on appeal, the trial court's determination is reviewed by a stricter standard [than preliminary injunctions]. The question is whether

a trial court's decision is contrary to the manifest weight of the evidence. A trial court's judgment is against the manifest weight of the evidence only if the opposite result is clearly evident." *Harper v. Missouri Pacific R.R. Co.*, 282 Ill. App. 3d 19, 25, 667 N.E.2d 1382, 1386 (1996).

One owner's "reasonable use" of a lake may not unduly interfere with the "reasonable use" of another owner. *Beacham*, 123 Ill. 2d· at 232, 526 N.E.2d at 157. The record contains sufficient evidence to support the trial court's finding that "[t]he fence in the lake on the Catalano property, which is near the Statlers' eastern boundary, is an undue interference with the Statlers' enjoyment of the lake." We cannot say that a decision to the contrary is clearly evident.

Accordingly, for the foregoing reasons, the judgment of the circuit court of Madison County is hereby affirmed.

Affirmed.

HOPKINS and GOLDENHERSH, JJ., concur.