DEGENHART v HARFORD

Ohio Appeals, 2nd Dist, Clark Co

Decided May 25, 1938

A. C. Link and M. W. Spencer, Springfield, for plaintiff.

George S. Dial, Springfield, for defendant.

ROSS PJ. HAMILTON and MATTHEWS, JJ, (1st Dist) sitting by designation.

## OPINION

By ROSS, PJ.

This is an original proceeding filed in this court.

The petition contains recitals of a former proceeding and decree of the Court of Appeals for Clark county. The prayer of the petition is directed to the vacation of such decree.

The original jurisdiction of this court is defined and limited by Article IV, Section 6 of the Constitution of Ohio. Wagner v Armstrong, 93 Oh St 443.

This proceeding is an original action and does not come within the purview of any original action mentioned in the appropriate constitutional provision.

The desirable characteristic of finality of judgments has been recognized by the people and their Legislature, and it is only in exceptional cases specifically noted, that the judgment of any court after term may be affected by any subsequent proceeding. The decree in the instant case was entered May 25, 1936—this petition was filed October 25, 1937. The decree was not disturbed by proceedings to review the decree in the Supreme Court. It is not contended that it is void. Nor is it. It is not contended that it was induced or procured by fraud. It is merely asserted that conditions existing at the time the decree was entered and upon which the conclusion of the court was predicated have changed.

Counsel for the original plaintiff—defendant in the instant action—have not raised the question of the jurisdiction of this court to entertain this action. In fact, such counsel seems to acquiesce in suggesting that this court entertain the proceeding. That parties litigant may not by aquiscence or request confer jurisdiction upon a court, not having jurisdiction of the subject matter of the action, is a principle too well recognized to require other than the mere statement of the rule. Rohn, Armr. v Dunbar et 18 Oh St 572.

Granting that §11631 GC, may be construed to provide for other than original actions, none of its provisions apply or are invoked by the facts set forth in the petition.

As the action stands, therefore, it is not maintainable.

As was stated from the bench, such being the case, but in the interests of justice this court will consider the proceeding as a motion to modify the continuing injunction contained in the original decree. Such injunction was made permanent, and was based upon a certain set of conditions prevailing at the time the decree was entered. If such conditions have materially changed, it would be unjust to longer continue such injunction, and this court has inherent power to modify or vacate the same, even after term.

The original petition contained two causes of action. One set forth facts developing that the maintenance of a funeral home in close proximity to the residence of the plaintiff was in effect a nuisance. The sec-

ond cause of action was based upon facts showing that the ordinances of the city of Springfield forbade in effect the maintenance and operation of a funeral home in a residence district.

The prayer of the petition upon each cause of action was sustained and the Court of Appeals considering the case de novo, upon the former appellate practice, so entered its decree upon both causes of action.

The matter is presented to this court upon an agreed statement of facts.

It is not contended by counsel, nor do we find stated in the agreed statement of facts any condition or situation different from that prevailing at the time of the original decree, with the single exception that the city of Springfield has modified its zoning ordinances, so as now to permit the existence, maintenance, and operation of funeral homes within residence districts.

It is to be noted that the Court of Appeals of Clark county found as a matter of law that the operation of such funeral home in the residence district under consideration constituted a nuisance, and that while the zoning ordinance as then enacted, forbidding such operation in residence districts, was before the court, such fact was not the basis for this conclusion that the operation constituted a nuisance, for this fact was made the specific basis for sustaining the second cause of action based solely upon the ordinance.

The court in its decree stated as to the first cause of action, predicated upon nuisance:

"First: That the operation of a funeral home in the manner and with the effects heretofore set forth, and at the place where it would be conducted namely, in a residential district, is a nuisance, and that the plaintiff has sustained the first cause of action of her petition."

Were we to modify the injunction based upon this finding and decree, we would be in effect acting as a court of review upon the decree of the Court of Appeals of Clark county, and in effect reversing the legal conclusion of that court upon a state of facts which has not been changed. This we are not permitted by law to do.

While the predicate for the courts conclusion upon the second cause of action, based upon the zoning ordinance has been changed, it would be unavailing to make any finding as to such second cause of action in view of the finality of that portion

of the decree dealing with the first cause of action.

Our conclusion, therefore, is that the petition as such in this cause shall be dismissed, and considered as a motion to modify the injunction—such motion is overruled.

HAMILTON and MATTHEWS, JJ, concur.