CLEVELAND et al., Appellees and Cross–Appellants,

v.

OHIO DEPARTMENT OF MENTAL HEALTH
et al., Appellants and Cross–Appellees.

[Cite as *Cleveland v. Ohio Dept. of Mental Health* (1992), 84 Ohio App.3d 769.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–523.

Decided Dec. 31, 1992.

*Ohio Legal Rights Service, Michael Kirkman, Derek S. Hamalian* and *Winnifred Weeks*, for appellees and cross-appellants.

*Lee Fisher,* Attorney General, and *David J. Kovach,* Assistant Attorney General, for appellants and cross-appellees.

---

JOHN C. YOUNG, Presiding Judge.

This matter is before this court upon the appeal of the Ohio Department of Mental Health ("ODMH") from the March 18, 1992 judgment entry of the Franklin County Court of Common Pleas which denied ODMH's motion to dissolve the court's injunction dated December 5, 1989. ODMH also appeals from the April 9, 1992 judgment entry of the Franklin County Court of Common Pleas which awarded attorney fees to appellees, Edith Cleveland et al.

ODMH sets forth the following two assignments of error:

"I. The trial court erred when, in denying the appellants' motion to dissolve the injunction of December 5, 1989, it continued to extrajudicially order the appellants to either promulgate a rule under R.C. Chapter 119, or secure legislation that incorporates the substance of the trial court's declaratory judgment.

"II. The trial court erred when it awarded attorneys' fees to the plaintiffs under 42 U.S.C. § 1988."

By way of cross-appeal, appellees assert the following sole assignment of error:

"The trial court erred in not awarding plaintiffs attorney's fees and costs to which they are entitled pursuant to Section 1988, Title 42, U.S.Code.

"A. The Trial Court Erred In Not Awarding Attorney's Fees For Travel Time At Counsels' And Staffs' Regular Hourly Rates.

"B. The Trial Court Erred In Not Awarding Attorney's Fees For Hours Expended At Hearings And Status Conferences.

"C. The Trial Court Erred In Not Awarding Attorney's Fees For Hours Expended On Plaintiffs' Application For Attorney's Fees And Costs, And Memorandum In Support."

On May 30, 1989, a class-action complaint for declaratory and injunctive relief was filed in the Franklin County Court of Common Pleas. The case challenged the ODMH's use of its policy on informed consent ("policy") to forcibly medicate members of the plaintiffs' class without their consent. Plaintiffs are patients at hospitals alleging that they are being forcibly medicated pursuant to ODMH's policy. The complaint alleged that the policy was invalid because it had not been properly promulgated pursuant to R.C. 119.02. The plaintiffs further asserted that the policy violated their civil rights. Plaintiffs sought a judgment declaring the policy to be violative of R.C. 119.02 and 5122.301, and the constitutional provisions of the Ohio and federal Constitutions. Finally, plaintiffs sought (1) an order enjoining ODMH and its hospitals and employees from administering medication to patients pursuant to the policy, and (2) an award of attorney fees pursuant to Section 1988, Title 42, U.S.Code.

A hearing was held on November 22, 1989 to resolve the issues raised by several pending motions. A subsequent conference with counsel was held on December 1, 1989. Thereafter, on December 5, 1989, the trial court entered a judgment entry which granted plaintiffs' judgment on their first, third and seventh causes of action brought pursuant to R.C. 5122.301 and Section 1, Article I of the Ohio Constitution. The trial court enjoined ODMH from medicating members of plaintiffs' class without their consent subject to the following

conditions: (1) ODMH and its employees would continue to use the policy but would not medicate members of the plaintiffs' class without their informed consent except in an "emergency" as defined and permitted by the policy, and (2) absent an emergency and during the pendency of the court's order, ODMH was to seek a judicial order pursuant to R.C. 5122.271 before members of the plaintiffs' class could be forcibly medicated without their informed consent. Furthermore, the court ordered ODMH to submit and have adopted a rule on informed consent pursuant to R.C. Chapter 119. The injunction was to dissolve upon the final promulgation of a rule on informed consent. The trial court also ordered the parties to submit briefs on whether attorney fees and costs constituted monetary damages and whether plaintiffs were entitled to an award of such.

No appeal was taken from that declaratory judgment or from the injunction. Briefs were submitted on the issue of attorney fees and, on March 21, 1990, the trial court ordered the parties to submit additional briefs on the issue. Thereafter, by entry dated July 11, 1990, the trial court held that plaintiffs were prevailing parties and were entitled to attorney fees and costs pursuant to Section 1988, Title 42, U.S.Code; that plaintiffs were not precluded from an award on the grounds that their counsel were employed by a state agency; and that the only remaining issue was the appropriate award. ODMH appealed this order; however, this court *sua sponte* dismissed the appeal for lack of a final appealable order on October 5, 1990.

On January 10, 1992, ODMH filed a motion to dissolve the injunction premised on the April 10, 1991 amendment to R.C. 2101.24, which expressly vested the probate court with jurisdiction to hear and determine actions involving informed consent for the medication of persons hospitalized pursuant to R.C. 5122.141 or 5122.15. By judgment entry dated March 18, 1992, the trial court rejected that argument on the basis that the amendment to R.C. 2101.24 simply conferred jurisdiction on the probate court to hear cases involving informed consent for the medication of persons without placing any obligation whatsoever on ODMH to change any of its policies and procedures or to require ODMH to submit such cases to the court if medication is refused by the patient. The court indicated that there was no reason to believe that the old policies and procedures would not be reverted to if there was no prohibition against forced medication. Therefore, the court entry indicated that the injunction would continue in force until such time as rules and procedures are properly promulgated under R.C. Chapter 119 or until such time as the statute is amended to impose an obligation upon ODMH and hospitals to seek judicial consent for the forceful medication of patients.

On April 9, 1992, the trial court entered judgment in favor of appellees on their applications for attorney fees in the amount of $59,533.12 pursuant to Section 1988, Title 42, U.S.Code.

■ Thereafter, ODMH filed a notice of appeal from the March 18, 1992 entry in which the trial court denied ODMH's motion to dissolve the injunction and from the April 9, 1992 entry which awarded plaintiffs' attorney fees in the amount of $59,533.12. In the first assignment of error, ODMH argues that the trial court erred in denying its motion to dissolve the injunction of December 5, 1989. ODMH argues that the April 10, 1991 amendment to R.C. 2101.24 vests the probate court with jurisdiction to hear and determine actions involving informed consent for the medication of the plaintiffs' class.

R.C. 2101.24(A)(1)(t) provides as follows:

"(A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:

" * * *

"(t) To hear and determine actions involving informed consent for medication of persons hospitalized pursuant to section 5122.141 or 5122.15 of the Revised Code[.]"

■ A court issuing on injunction has inherent authority to modify or vacate its own injunctive decree. *Degenhart v. Harford* (1938), 59 Ohio App. 552, 554, 12 O.O. 266, 267, 18 N.E.2d 990, 991; *Johnson v. Preston* (1967), 12 Ohio St.2d 100, 104, 41 O.O.2d 407, 410, 233 N.E.2d 132, 135 (Matthias, J., concurring). A court must never ignore significant changes in the law or circumstances underlying an injunction lest it becomes inequitable that the injunction should have prospective application. See *United States v. Swift & Co.* (1932), 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999. Indeed, the prospective features of an injunction are subject to vacation or modification when warranted by significant statutory changes. See *Johnson*, 12 Ohio St.2d at 101–102, 41 O.O.2d at 408–409, 233 N.E.2d at 133–134 (permanent injunction and finding of contempt based thereupon vitiated by subsequent change in statutory law); see, also, *Sys. Fedn. No. 91 v. Wright* (1961), 364 U.S. 642, 81 S.Ct. 368, 5 L.Ed.2d 349 (district court's refusal to modify an injunctive decree following significant statutory change held an abuse of discretion).

In the present case, the statute has been amended to vest the probate court with exclusive jurisdiction over cases involving informed consent hearings for the medication of persons such as those in plaintiffs' class. This statutory change represents a significant change in the law such that it is no longer equitable that the injunction remain in force.

Accordingly, on that basis alone, it was error for the trial court to deny the motion of ODMH to dissolve the injunction inasmuch as the court now lacked jurisdiction by way of the amendment to R.C. 2101.24(A)(1).

ODMH also argues in its brief that the trial court erred in ever imposing the injunction on ODMH in the first instance. On the other hand, appellees argue that it is improper for ODMH to raise this issue at this time inasmuch as ODMH did not file an appeal from the granting of the December 5, 1989 injunction. Appellees are correct in stating that ODMH is not in a position to raise these issues before this court; however, ODMH is also correct in asserting that the original injunction was improper. Pursuant to R.C. 119.02, the failure of any agency to comply with the procedures prescribed in R.C. 119.01 to 119.13 invalidates any rule or amendment adopted, or the rescission of any rule. Therefore, when the trial court correctly determined that the policy at issue was actually a rule which had not been properly promulgated, the trial court should have invalidated that rule. It is clear that the trial court was protecting the plaintiffs' class by guaranteeing that, after the policy was invalidated, ODMH did not find another way to forcibly medicate patients against their will. However, it is not the responsibility of the court system to make legislation and that is exactly what the trial court attempted to do by enforcing the injunction in the first instance. Furthermore, the trial court did not have the authority to require ODMH to seek legislation to correct the defects which the trial court found to exist in the policy. For these additional reasons, the denial of the motion of ODMH to dissolve the injunction was an abuse of discretion.

ODMH's first assignment of error is well taken and is sustained.

In the second assignment of error, ODMH argues that the trial court erred when it awarded attorney fees to appellees pursuant to Section 1988, Title 42, U.S. Code. The trial court granted attorney fees on the basis that an award of attorney fees is proper, under Section 1988, Title 42, U.S.Code, when injunctive relief has been granted. Furthermore, the trial court concluded that appellees are a "prevailing party," even though the trial court decided the case on state constitutional issues rather than federal constitutional issues. The trial court concluded that the issues decided under state law arose from a "common nucleus of operative fact" that met the "substantiality test" as found in case law from the United States Supreme Court. By reaching its decision on state grounds, the trial court indicated that it also resolved the federal claims without the necessity of reaching the merits of those claims.

Although this court concluded, in addressing ODMH's assignment of error, that the original injunction was improper, ODMH cannot collaterally attack the issuing of that injunction at this time on the basis that the trial court has now awarded attorney fees to appellees. In its decision, the trial court relied on *Harper v. State* (1988), 110 Wash.2d 873, 759 P.2d 358, in finding that appellees' due process and civil rights had been violated. *Harper* involved the question of whether the state could administer antipsychotic drugs to a competent, noncon-

senting prisoner pursuant to certain procedures contained in the center's policy. The Washington Supreme Court held that, under the Fourteenth Amendment Due Process Clause, the state could administer antipsychotic drugs to a competent, nonconsenting prisoner only after a judicial hearing at which the state had proved that the administration of the drugs was both necessary and effective for furthering a compelling state interest.

The United States Supreme Court granted certiorari and, on February 27, 1990, rendered an opinion in *Washington v. Harper* (1990), 494 U.S. 210, 110 S.Ct. 1028, 108 L.Ed.2d 178. Without going into extreme detail, the United States Supreme Court held that the administrative hearing procedures provided by the regulation and the center's policy comported with the procedural due process requirements of the Fourteenth Amendment. The court held thus on the basis that due process does not require a judicial hearing as a prerequisite for the involuntary treatment of prison inmates, the regulations contained adequate procedural safeguards to ensure that the prisoner's interest was taken into account, and the procedures under the regulations were sufficient to meet the requirements of due process in all other respects.

Inasmuch as the trial court found that an injunction was proper pursuant to *Harper* before it was reversed, the trial court found that the issues decided under state law arose from a "common nucleus of operative fact" which met the "substantiality test" as is found in case law from the United States Supreme Court. ODMH did not file an appeal from the trial court's decision and entry dated December 5, 1989. Pursuant to *Federated Dept. Stores, Inc. v. Moitie* (1981), 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103, 109, " * * * an 'erroneous conclusion' reached by the court in the first suit does not deprive the defendants in the second action 'of their right to rely upon the plea of *res judicata.* * * * A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action].' * * *" Therefore, although the trial court erroneously granted an injunction in favor of appellees, ODMH's failure to appeal from that decision bars ODMH from collaterally attacking that decision at this time. Therefore, appellees are "prevailing parties" as such is defined and the trial court properly granted appellees' attorney fees.

Accordingly, ODMH's second assignment of error is not well taken and is overruled.

By way of cross-appeal, appellees assert that the trial court erred in not awarding them attorney fees and costs relating to the following items: (1) travel time at counsel's and staff's regular hourly rates; (2) hours expended at hearings and status conferences; and, (3) hours expended on appellees' application for

attorney fees and costs, and memorandum in support. Appellees cite various federal cases in support of their position.

The trial court has discretion in determining the amount of an award of attorney fees. See *Hensley v. Eckerhart* (1983), 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40, 52. Upon review of the record before this court, this court cannot conclude that the trial court abused its discretion in setting out the award of attorney fees as the trial court did.

Appellees' cross-assignment of error is not well taken and is overruled.

Based on the foregoing, ODMH's first assignment of error is well taken and is sustained; however, ODMH's second assignment of error is not well taken and is overruled. Furthermore, appellees' cross-assignment of error is not well taken and is overruled. Based upon this court's decision regarding ODMH's first assignment of error, the judgment of the Franklin County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BOWMAN and PEGGY BRYANT, JJ., concur.