2002 UT 77

John COLLINS and June Collins, Plaintiffs and Petitioners,

v.

SANDY CITY BOARD OF ADJUSTMENT and Sandy City Corporation, a municipal corporation, Defendants and Respondents.

No. 20010144.

Supreme Court of Utah.

Aug. 2, 2002.

Franklin Slaugh, Sandy, for petitioners.

Steven C. Osborn, Sandy, for respondents.

On Certiorari to the Utah Court of Appeals

DURRANT, Associate Chief Justice:

¶ 1 On certiorari, petitioners John and June Collins (the "Collinses") seek review of *Collins v. Sandy City Board of Adjustment,* 2000 UT App. 371, 16 P.3d 1251. In that decision, the Utah Court of Appeals concluded that the Collinses' suit was barred by principles of issue preclusion because they had previously litigated the same issue in an earlier case and failed to appeal. The Collinses argue that because of an intervening change in the law, their suit is not barred on issue preclusion grounds. Because we conclude that there was no change in the law, we hold that issue preclusion applies and affirm the court of appeals' decision.

## BACKGROUND

¶ 2 "Before we recite the facts, we note that in reviewing a grant of summary judgment, we view the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Higgins v. Salt Lake County,* 855 P.2d 231, 233 (Utah 1993). We state the facts accordingly.

¶ 3 The Collinses own certain real properties located in Sandy, Utah. They used these properties as short-term rentals until March 1996, when Sandy City ordered them to cease and desist such use.[1] Sandy City claimed that the Collinses' use violated chapter 15–7 of its Land Development Code because that section barred short-term rentals.

¶ 4 The Collinses appealed this cease and desist order to the Sandy City Board of Adjustment (the "Board"), and the Board upheld Sandy City's interpretation of the zoning ordinance. The Collinses then appealed the Board's decision to the Third District Court, and the district court affirmed on September 29, 1997 ("*Collins I*"). The Collinses opted not to appeal that decision.

¶ 5 On March 26, 1998, the Utah Court of Appeals decided *Brown v. Sandy City Board*

---

1. A short-term rental is a rental for a period of less than thirty days. Sandy City Ordinance no. 98–26, § 4(B) (1998).

*of Adjustment,* 957 P.2d 207 (Utah Ct.App. 1998), which involved precisely the same issue that was raised in *Collins I* (i.e., whether chapter 15–7 of Sandy City's Land Development Code prohibited short-term rentals in residential zones). The court of appeals held in *Brown* that the use of short-term leases was not prohibited by the zoning ordinance, reasoning that although the plain language of chapter 15–7 does not specifically permit short-term rentals, it does not prohibit them either. *Id.* at 211–12.

¶ 6 In response to *Brown,* Sandy City imposed a temporary moratorium on short-term leases, which became effective on March 27, 1998. Thereafter, Sandy City passed a permanent ordinance prohibiting all short-term leases in residential areas that were entered into after March 27, 1998.

¶ 7 On October 27, 1998, the Collinses filed an application for determination of non-conforming use status on their properties with the Board. Following a hearing on November 12, 1998, the Board denied the Collinses' application. The Board based its decision on two grounds. First, it concluded that the properties in question were not used as short-term rentals as of March 27, 1998 (i.e., the date the moratorium took effect). Second, it reasoned that the Collinses had previously appealed a decision of the Board, that this earlier decision had been upheld by the district court in *Collins I,* and that the Collinses could not benefit from the *Brown* decision because they had not appealed the ruling in *Collins I.*

¶ 8 The Collinses appealed the Board's decision to the district court, and the district court granted summary judgment in favor of the Board on November 18, 1999 (*"Collins II"*). The court concluded that res judicata principles barred the Collinses' claim because they failed to appeal the district court's decision in *Collins I.* Additionally, the court found that the properties at issue did not qualify for non-conforming use status because the Collinses had failed to show that they were using the properties as short-term rentals on March 27, 1998.

¶ 9 The Collinses subsequently appealed the district court's decision in *Collins II,* and the Utah Court of Appeals affirmed. *Col-*

*lins,* 16 P.3d 1251, 2000 UT App. 371 at ¶ 29. In that appeal, the Collinses claimed that one of the four elements required for issue preclusion was not met. They further argued that they should not be barred by principles of issue preclusion because of an intervening change in the law. The court of appeals concluded that all of the requirements for issue preclusion had been met, *id.* at ¶¶ 9–14, and that where a party chooses not to appeal an issue that has been previously litigated, that party may not avoid the effects of issue preclusion by relying on a subsequent change in the law resulting from an appellate decision, *id.* at ¶ 29.

¶ 10 The Collinses then petitioned for a writ of certiorari, which we granted. We have jurisdiction pursuant to subsection 78–2–2(3)(a) of the Utah Code. Utah Code Ann. § 78–2–2(3)(a) (Supp.2001). On certiorari, the Collinses argue that the Utah Court of Appeals erred in holding that an intervening change in the law did not operate as a defense to the doctrine of issue preclusion. In addition, they contend that barring this suit does nothing to further the traditional purposes of issue preclusion.

## ANALYSIS

### I. STANDARD OF REVIEW

¶ 11 "When exercising our certiorari jurisdiction, we review the decision of the court of appeals and not that of the trial court." *Longley v. Leucadia Fin. Corp.,* 2000 UT 69, ¶ 13, 9 P.3d 762. "On certiorari, we review the decision of the court of appeals for correctness." *Brookside Mobile Home Park, Ltd. v. Peebles,* 2002 UT 48, ¶ 11, 48 P.3d 968. We may affirm the court of appeals' decision on any ground supported in the record. *See Dipoma v. McPhie,* 2001 UT 61, ¶ 18, 29 P.3d 1225.

### II. ISSUE PRECLUSION

¶ 12 It is well settled that the doctrine of "[i]ssue preclusion prevents the relitigation of issues in a subsequent action." *Culbertson v. Bd. of County Comm'rs,* 2001 UT 108, ¶ 25, 44 P.3d 642 (emphasis omitted).

This doctrine applies if the following four requirements are met:

(i) the party against whom issue preclusion is asserted must have been a party to or in privity with a party to the prior adjudication; (ii) the issue decided in the prior adjudication must be identical to the one presented in the instant action; (iii) the issue in the first action must have been completely, fully, and fairly litigated; and (iv) the first suit must have resulted in a final judgment on the merits.

*In re Rights to Use of All Water*, 1999 UT 39, ¶ 18, 982 P.2d 65. The Collinses do not challenge the court of appeals' conclusion that the four elements required for issue preclusion were satisfied regarding the issue of whether chapter 15–7 of Sandy City's Land Development Code prohibits short-term rentals. Thus, under normal circumstances, the Collinses would be precluded from relitigating that issue.

### III. CHANGE IN LAW

¶ 13 The Collinses argue that they can circumvent the doctrine of issue preclusion, however, because of a change in the law. Specifically, they contend that the court of appeals' ruling in *Brown* granted them a new substantive right (i.e., the right to use their properties as short-term rentals). Sandy City counters that the doctrine of issue preclusion applies because the Collinses did not appeal the district court's ruling in *Collins I*. We conclude that the doctrine of issue preclusion applies because no change in law occurred.

¶ 14 A change in the law *may* allow a party to avoid the effect of issue preclusion. *E.g., State Farm Mut. Auto. Ins. Co. v. Duel*, 324 U.S. 154, 162, 65 S.Ct. 573, 89 L.Ed. 812 (1945) (explaining that res judicata "is no defense where between the time of the first judgment and the second there has been a change in the law creating an altered situation"); *Marino v. State Farm Fire & Cas. Ins. Co.*, 787 S.W.2d 948, 950 (Tex.1990) (concluding that "no judgment can affect subsequently arising rights and duties"). To in-

voke this exception, a party must establish that a new substantive right has been created. *Besing v. Vanden Eykel*, 878 S.W.2d 182, 184–85 (Tex.App.1994) (ruling that a change regarding the applicable statute of limitations did not create a new substantive right). Whether a new substantive right has been created by a judicial opinion issued after the party's original suit has been decided, however, requires, at a minimum, an actual change in the law. *See, e.g., Statler v. Catalano*, 293 Ill.App.3d 483, 229 Ill.Dec. 274, 691 N.E.2d 384, 386 (1997).

¶ 15 Here, the court of appeals determined in a conclusory fashion that a change in law occurred. We disagree. Prior to *Brown*, no appellate court of this state had ever held that short-term rentals were invalid under the Land Development Code interpreted in *Brown*. The fact that the district court held in *Collins I* that the ordinance barred short-term rentals and the court of appeals held in *Brown* that the ordinance did not bar short-term rentals does not mean that the law changed between those two judicial decisions. The law remained the same. The district court in *Collins I* simply interpreted the ordinance in a manner rejected by the court of appeals in *Brown*, and the Collinses accepted the district court's ruling when they chose not to appeal that decision. Put differently, they accepted a legal conclusion even though the law, as interpreted by the Utah Court of Appeals in *Brown*, mandated a different result.[2] Accordingly, the change in law exception relied on by the Collinses has no application to the present case.

¶ 16 This result is consistent with the United States Supreme Court's decision in *Federated Department Stores Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). There, seven antitrust actions were brought against owners of various department stores ("*Moitie I*"). *Id.* at 395, 101 S.Ct. 2424. The district court dismissed all of the actions because the purchasers had not alleged an "injury" to their "business or property" within the meaning of the Clayton Act. *Id.* at 396, 101 S.Ct. 2424. Five of the

---

**2.** We do not decide whether the *Brown* court correctly interpreted the city ordinance at issue in that case.

seven plaintiffs appealed the district court's order to the Ninth Circuit. *Id.* The two remaining plaintiffs chose to refile their claims in state court. *Id.* These state claims were then removed to federal court ("*Moitie II* "). The federal district court concluded in *Moitie II* that the claims were essentially the same as those decided in *Moitie I* and dismissed them on res judicata grounds. *Id.* at 396–97, 101 S.Ct. 2424. The two plaintiffs then appealed to the Ninth Circuit. *Id.* at 397, 101 S.Ct. 2424.

¶ 17 While that appeal was pending, the United States Supreme Court decided *Reiter v. Sonotone Corp.*, 442 U.S. 330, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979), which concluded that retail purchasers can suffer an "injury" to their "business or property" under the Clayton Act. Pursuant to *Reiter*, the Ninth Circuit reversed and remanded the five suits that had been appealed directly in *Moitie I.*

¶ 18 When *Moitie II* was decided by the Ninth Circuit, the court reversed the decision of the district court and dismissed the claims of the two non-appealing parties, reasoning that those two parties should "benefit from a reversal [because] their position [was] closely interwoven with that of [the five] parties" who appealed *Moitie I* directly. *Id.* at 398, 101 S.Ct. 2424. The United States Supreme Court reversed, holding that

> an erroneous conclusion reached by the court in the first suit does not deprive the defendants in the second action of their right to rely upon the plea of res judicata.... A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected by a direct review and not by bringing another action upon the same cause [of action]. We have observed that [the] indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of res judicata to avert.

*Id.* at 398–99, 101 S.Ct. 2424 (internal quotations, italics, and citations omitted).

¶ 19 Consistent with the United States Supreme Court's opinion in *Moitie II*, we hold that the Collinses made a calculated choice to forego their appeals and that the predicament in which they find themselves is of their own making. *Cf. id.* at 400–01, 101 S.Ct. 2424. They could have challenged the decision rendered in *Collins I* but elected not to do so. They therefore forfeited their right to attack the decision on direct appeal and now seek to collaterally attack that judgment. However, we "cannot be expected, for [their] sole relief, to upset the general and well established doctrine of res judicata, conceived in the light of the maxim that the interest of the state requires that there be an end to litigation—a maxim which comports with common sense as well as public policy."[3] *Id.* at 401–02 (quoting *Reed v. Allen*, 286 U.S. 191, 198–99, 52 S.Ct. 532, 76 L.Ed. 1054 (1932) (italics omitted)). We therefore affirm.

## CONCLUSION

¶ 20 We conclude that there was no change in the law between *Collins I* and *Collins II*. The district court simply reached an erroneous legal conclusion in *Collins I* that was corrected in *Brown*. Because the Collinses failed to appeal *Collins I*, they are bound by that judgment and may not relitigate an issue they already had an opportunity to litigate. Accordingly, we affirm the court of appeals' ruling.

¶ 21 Chief Justice Durham, Justice Russon, and Justice Wilkins concur in Associate Chief Justice Durrant's opinion.

¶ 22 Justice Howe dissents.

---

3. The Collinses contend that they should be deemed to have had a non-conforming use at the time the permanent ordinance prohibiting short-term rentals was passed because *Brown* essentially held that it was legal for everyone in Sandy to use their properties as short-term rentals. As we stated above, however, the Collinses cannot take advantage of *Brown* because they did not

appeal *Collins I*. Regardless, the Collinses failed to raise this issue before the court of appeals and the issue did not arise solely out of the court of appeals' decision. *DeBry v. Noble*, 889 P.2d 428, 444 (Utah 1995) (explaining that "[i]ssues not raised in the court of appeals may not be raised on certiorari unless the issue arose for the first time out of the court of appeals' decision").