[Cite as *State ex rel. Yost v. Combs*, 2023-Ohio-3295.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO, EX REL. DAVE YOST,　:
ATTORNEY GENERAL,

　　　　　　　　　　　　　　　　　:　　　　　CASE NO. CA2022-12-090

　　　　Appellee,

　　　　　　　　　　　　　　　　　:　　　　　O P I N I O N
　　　　　　　　　　　　　　　　　　　　　　　9/18/2023

　　- vs -　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　:

DONALD COMBS,

　　　　　　　　　　　　　　　　　:

　　　　Appellant.

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2018 CVH 01272

Casey L. Chapman and Cameron F. Simmons, Assistant Attorneys General, for appellee.

Donald Combs, pro se.

　　**S. POWELL, P.J.**

　　{¶ 1}　Appellant, Donald Combs, appeals an entry of the Clermont County Court of

Common Pleas granting the state of Ohio's motion to modify the trial court's previous entry

granting summary judgment and imposing injunctive relief.[1]  For the reasons discussed below, we affirm the decision of the trial court.

{¶ 2}  In 2018, the state, on behalf of the Ohio EPA and Clermont County Public Health Department, filed a civil complaint alleging that Combs violated Ohio's environmental laws by filling roughly 12 acres of land, across two separate sites in Goshen Township, with mountains of solid waste and then catching a portion of it on fire.  On February 11, 2021, the trial court granted the state's motion for summary judgment for liability and found Combs liable for violations of Ohio's environmental laws.  A civil penalty hearing was held and the trial court awarded a penalty of $1,490,000 against Combs on March 3, 2021.

{¶ 3}  To date, Combs has not cleaned up either site.  In an effort to abate the nuisance, Goshen Township began exploring funding options to assess and clean up the two dumping sites.  Funding was potentially available through the Department of Development, however the grant administrator needed clarity that the township had access to the dumping sites.  In support of these efforts, on September 14, 2021, the state filed a motion to modify the court's February 11, 2021 summary judgment entry to add six words:

> 14. Provide Ohio EPA, the Clermont County Public Health Department, *and local municipalities and political subdivisions*, their contractors, agents, and assigns, access to the Parker Road Site and the Route 28 Site, for the following purposes: inspecting Defendant's compliance with R.C. Chapters 3704, 3714, and 3734, the rules adopted thereunder, and this Judgment Entry; obtaining samples at the Sites; developing plans for the Sites; and remediating the Site if the State determines it has the authority to collect clean-up costs from Defendants and sufficient funds to remediate * * *.

(emphasis added.)

{¶ 4}  On October 27, 2022, Combs filed a motion in opposition to the state's motion

---

1. The original trial court case, 2018 CVH 01272, was filed in 2018 and captioned as *State of Ohio, ex rel. Michael DeWine Ohio Attorney General v. Donald Combs, et al.*  We have modified the caption in this appeal to reflect that the current office holder is Dave Yost and Donald Combs is the sole appellant.

to modify the entry, which also included a "Cross Complaint to Void the Summary Judgment and Imposing Injunctive Relief." On November 28, 2022, the trial court granted the state's motion and modified its summary judgment entry with the proposed changes. Additionally, the trial court construed Combs's "cross complaint" as a motion for relief from judgment under Civ. R. 60(B) and denied it as both untimely and without merit.

{¶ 5} On appeal, Combs, acting pro se, raises two assignments of error for our review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE COMMON PLEAS COURT WRONGLY MODIFIED THE ORDER WHEN THE TOWNSHIP WAS NOT A JOINDER AND WRONGLY AGREED WITH THE STATE IN CONVERTING THE CROSS COMPLAINT INTO A 60(B)(1)(2)(3), WHEN THE REASON FOR THE CROSS COMPLAINT WAS VOID AB INITIO DUE TO BEING PROCURED FOR FRAUD UPON THE COURT WHICH WOULD BE UNDER 60(B)(5), AND WAS FILED WITHIN A REASONABLE TIME OF THE DISCOVERY OF THE FRAUD. THIS DENIED COMBS' RIGHT TO DUE PROCESS, COMPULSORY PROCESS, CONFRONTATION CLAUSES, FAIR TRIAL, AND EQUAL PROTECTIONS UNDER COMBS' FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS.

{¶ 8} In his first assignment of error, Combs claims that the trial court lacked the authority to modify its February 11, 2021 Entry Granting Plaintiff's Motion for Summary Judgment and Imposing Injunctive Relief. Combs argues that Goshen Township was not joined as a party in the case, and therefore modifying the order is barred by res judicata. In the same assignment of error, Combs also claims that the trial court erred by denying his "cross complaint," which the court construed as a motion for relief from judgment under Civ.R. 60(B). We find no merit to either of these arguments.

Modification of Injunctive Decree

{¶ 9} As this court has previously explained, "'A court issuing [an] injunction has inherent authority to modify or vacate its own injunctive decree.'" *Lykins Oil Co. v. Corbin*, 12th Dist. Clermont No. CA2020-07-036, 2021-Ohio-1126, ¶ 27, quoting *Cleveland v. Ohio Dept. of Mental Health*, 84 Ohio App.3d 769, 773 (10th Dist.1992). "'A court must never ignore significant changes in the law or circumstances underlying an injunction lest it becomes inequitable that the injunction should have prospective application.'" *Id.* Appellate courts have upheld modifications of injunctive relief based upon a change in circumstances. *Lykins Oil* at ¶ 28, citing *Ormet Aluminum Mill Prods. Corp. v. USW, AFL-CIO, Local 5760*, 7th Dist. Monroe Nos. 05-MO-1, 05-MO-2, 05-MO-10, and 05-MO-11, 2006-Ohio-3782, ¶ 7; *see also Bd. of Trustees v. Baumgardner*, 11th Dist. Geauga No. 2006-G-2721, 2007-Ohio-1783, ¶ 38 (noting that a change in circumstances may warrant a modification of injunctive relief).

{¶ 10} This court reviews a decision on injunctive relief for abuse of discretion. *Total Quality Logistics, LLC v. Tucker, Albin and Assocs.*, 12th Dist. Clermont No. CA2021-06-031, 2022-Ohio-1802, ¶ 28. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 11} In the present case, the grant administrator working with Goshen Township was concerned that the trial court's original February 11, 2021 entry did not adequately establish that the local township had legal authority to access the property for purposes of remediation. On the state's motion to modify the entry, the trial court found that the grant administrator's concerns constituted a sufficient change of circumstances to warrant modification and granted the motion.

{¶ 12} The modification remedied the grant administrator's concerns by simply clarifying that "local municipalities and subdivisions," such as Goshen Township, along with

those state entities already listed (as well as their contractors, agents and assigns), have access to Combs' property to remediate the dumping sites. It requires no further action from Combs, nor does it impose any additional penalties. Therefore, contrary to Combs' assertion, Goshen Township's status as a party to the original civil action is irrelevant.

{¶ 13} Therefore, we find that the trial court did not act in an unreasonable, arbitrary, or unconscionable fashion in granting the state's motion to modify the entry and thus did not abuse its discretion.

### Motion for Relief from Judgment

{¶ 14} Combs argues that the trial court improperly construed his "cross complaint" as a Civ.R. 60(B) motion pursuant to subsections (1), (2), or (3), and that it was actually pursuant to subsection (5) for alleging fraud upon the court. Nevertheless, because Combs' arguments have no merit, are untimely, and are otherwise barred by res judicata, the trial court did not err in denying his motion.

{¶ 15} Pursuant to Civ.R. 60(B), "the court may relieve a party or his legal representative from a final judgment, order or proceedings" for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶ 16} In order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Electric*

*v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. Where a motion is made pursuant to subsections (1), (2) or (3), Civ.R. 60(B) requires that it be filed "not more than one year after the judgment, order or proceeding was entered or taken." The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion. *Purcell v. Schaefer*, 12th Dist. Preble No. CA2013-09-007, 2014-Ohio-4894, ¶ 26; *Bowman v. Leisz*, 12th Dist. Warren No. CA2014-02-029, 2014-Ohio-4763, ¶ 17.

{¶ 17} In the usual case, a party complaining of fraud must resort to a motion under Civ.R.60(B)(3), to obtain relief. *Wilkerson v. Wilkerson*, 12th Dist. Butler No. CA2013-06-089, 2014-Ohio-1322, ¶ 15, citing *Coulson v. Coulson*, 5 Ohio St.3d 12, 15 (1983). However, where an officer of the court, such as an attorney, actively participates in defrauding the court, then the court may entertain a Civ.R. 60(B)(5) motion for relief from judgment. *Id.* Examples of fraud upon the court include egregious misconduct such as bribery of a judge or jury, or fabrication of evidence by counsel. *Wilkerson* at ¶ 16.

{¶ 18} Combs' "cross complaint" alleges, and his appellate brief reasserts, that the state withheld a guidance document entitled "Best Management Practices for Construction and Demolition Debris Recycling Facilities in Ohio" and withheld expert testimony from a man named Aaron Shear. However, as the state points out in its brief, the allegedly withheld document is publicly available online, and Mr. Shear was not an affiant or witness in this civil case. These arguments are without merit. Overall, Combs' arguments appear to be an attempt to relitigate both this civil matter and his separate criminal cases involving the illegal dumping, and to that extent they are either irrelevant or barred by res judicata.

{¶ 19} Even if Combs' arguments had merit, they still fail for procedural reasons. The trial court's entry of liability was entered January 29, 2021, its entry for injunctive relief was entered February 11, 2021, and its civil penalty order entry was entered March 3, 2021.

Combs' motion was filed on October 27, 2022, outside the one-year window for Civ.R. 60(B) claims pursuant to subsections (1), (2), and (3). Combs argues that his allegations support a claim of fraud upon the court, and therefore fall under subsection (5), which is not subject to the one-year time limit. However, Combs' allegations are at most fraud between the parties, not fraud upon the court, and accordingly must fall under subsection (3). Thus, Combs' claims are also untimely.

{¶ 20} The trial court did not abuse its discretion in construing Combs' "cross complaint" as a Civ.R. 60(B) motion and denying the motion.

{¶ 21} Combs' first assignment of error is overruled.

{¶ 22} Assignment of Error No. 2:

{¶ 23} THE STATE WITHHELD THE BEST MANAGEMENT PRACTICES FOR C&DD RECYCLING FACILITIES GUIDANCE DOCUMENT AND THE EPA'S EXPERT, AARON SHEAR, TESTIMONY FROM THE COURT AND COMBS THAT WOULD HAVE SHOWN COMBS WAS/IS IN COMPLIANCE WITH THE STATES RULES AND STATUTES. THIS WAS A BRADY VIOLATION THAT DENIED COMBS' RIGHT TO DUE PROCESS, COMPULSORY PROCESS, CONFRONTATION CLAUSES, FAIR TRIAL, AND EQUAL PROTECTIONS UNDER COMBS' FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS.

{¶ 24} In his second assignment of error, Combs argues that the state committed a *Brady* violation by withholding the "Best Management Practices for Construction and Demolition Debris Recycling Facilities in Ohio" document and the expert testimony of Aaron Shear. We disagree.

{¶ 25} The obligation *Brady* imposes on the government is "'the obligation to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment.'" *State v. Widmer*, 12th Dist. Warren No. CA2012-02-008, 2013-Ohio-62, ¶

33, quoting *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir.1988). However, as the state correctly points out, *Brady* is almost never applied in civil cases except in very rare and limited circumstances which do not apply here. One such rare example is when a person's liberty is at stake. *Brodie v. HHS*, 951 F.Supp.2d 108, 118-119 (D.D.C.2013) citing *United States v. Project on Govt. Oversight ("POGO")*, 839 F. Supp.2d 330, 342-43 (D.D.C. 2012). Although Mr. Combs is incarcerated, it is not a result of the trial court's orders in the civil case under appeal here. *Brady* simply does not apply in this case.

{¶ 26} Even if *Brady* did apply to this case, Combs did not serve discovery requests on the state—the state did not withhold any discovery because no discovery was requested.

{¶ 27} Combs' second assignment of error is overruled.

{¶ 28} Judgment affirmed.

PIPER and BYRNE, JJ., concur.